Charles L. Kennon, III, Esq.
Nevada Bar No. 7772
Aaron M. Waite, Esq.
Nevada Bar No. 7947
WEINSTEIN, PINSON & RILEY, P.S.
6785 S. Eastern Avenue, Suite 4
Las Vegas, Nevada 89119
Telephone: (844) 640-5411
charlesk@w-legal.com
aaronw@w-legal.com
Attorneys for Secured Creditor
JPMorgan Chase Bank, N.A., its assignees and/or successors in interest

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | |
|---|---|
| ROBERT ELLIS BRANSON<br>RHONALYNN ESPINA BRANSON<br>Debtors | CHAPTER 13<br>BANKRUPTCY NO.: 14-51672-GWZ<br><br>DATE: December 18, 2014<br>TIME: 1:30 p.m.<br>RE: 2012 Toyota Corolla<br>VIN 5YFBU4EE7CP050929 |

**OBJECTION TO CONFIRMATION OF PLAN**

JPMorgan Chase Bank, N.A., (hereinafter "Chase") is a Secured Creditor in the above-entitled bankruptcy proceeding and hereby submits the following Objection to the Confirmation of that certain Chapter 13 Plan proposed by Debtors.

1. On October 1, 2014, Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. On October 1, 2014, Debtors filed a Chapter 13 Plan.

2. Chase holds a secured claim pursuant to a certain Simple Interest Vehicle Contract For Sale and Security Agreement entered into by the Debtors, Robert Ellis Branson and Rhonalynn Espina Branson, on or about June 7, 2014. A copy of the Vehicle Contract is attached hereto, incorporated herein, and marked Exhibit "A." The vehicle securing said obligation is

described as a 2012 Toyota Corolla, VIN 5YFBU4EE7CP050929. A copy of the Certificate of Title is attached hereto, incorporated herein, and marked Exhibit "B."

3. Debtors purchased the collateral for personal use within 910 days of the filing for relief.

4. The balance owed on the contract is $16,009.09 with interest at the contract rate of 19.45% per annum.

5. Debtors' Chapter 13 Plan proposes to pay Chase's claim as a secured claim at the claim amount of $8,000.00 to be paid at 0.00% interest, with monthly installment payments of $133.33.

6. Chase objects to confirmation of the plan unless the claim is paid in full at Till rate of interest.

7. Pursuant to 11 U.S.C. Section 1325 (a)(5)(B)(ii) Chase should be paid an amount sufficient to provide adequate protection <u>during the period of the plan</u>. Pre-confirmation adequate protection payments should begin **immediately** and plan payments should begin within thirty (30) day of plan confirmation.

8. Therefore, pursuant to Section 1325 of the Bankruptcy Code, JPMorgan does not accept the proposed treatment of their claim.

WHEREFORE, Secured Creditor prays as follows:

(1) That confirmation of the proposed Chapter 13 plan be denied unless accommodation of the above-referenced numbers can be accommodated or unless amended to provide for surrender with estimated deficiency and not in full satisfaction of debt;

(2) For attorneys fees and costs incurred herein in the amount of $450.00;

(3) For dismissal of the Chapter 13 proceeding;

(4) For any and all other relief that this Court deems appropriate.

Dated this _7th_ of October, 2014.

WEINSTEIN, PINSON & RILEY, P.S.

*/s/ Charles L. Kennon, Esq.*

Charles L. Kennon, III, Esq. (7772)
Aaron M. Waite, Esq. (7947)
6785 S. Eastern Avenue, Suite 4
Las Vegas, NV 89119
Attorneys for Secured Creditor
JPMorgan Chase Bank, N.A., its assignees and/or successors in interest

## CERTIFICATE OF MAILING

The undersigned hereby declares and certifies that on October _7th_, 2014, a copy of the Secured Creditor's OBJECTION TO THE CONFIRMATION OF PLAN was served on the following parties by:

**Electronically mailed to:**

Kevin A. Darby, Esq.
kevin@darbylawpractice.com

William A. Van Meter, Esq.

**Depositing a copy in the United States Mail, postage prepaid and addressed to:**

Robert E. Branson
Rhonalynn E. Branson
2423 Drexel Way
Sparks, NV 89434
Debtors

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Jennifer Shumway*
An employee of
WEINSTEIN, PINSON & RILEY, P.S.

## SIMPLE INTEREST VEHICLE CONTRACT FOR SALE AND SECURITY AGREEMENT

**SECTION A:**

Buyer's Name(s) [illegible] ESPINA BRANSON
Name: ROBERT ELLIS BRANSON
Address: 1416 HEATHER CT
City: SPARKS County: WASHOE
State: NV Zip: 89434
Bus. Phone: Res. Phone:

CREDITOR: LITHIA HYUNDAI OF RENO
Address: 2620 KIETZKE LANE
City: RENO, NV
State: Zip: 895024321
Phone:

Salesman: YOUNG, ROBERT Date: 06/07/2014

**SECTION B: DISCLOSURE MADE IN COMPLIANCE WITH FEDERAL TRUTH IN LENDING ACT.**

| | | |
|---|---|---|
| ANNUAL PERCENTAGE RATE | The cost of your credit as a yearly rate. | 19.48 % |
| FINANCE CHARGE | The dollar amount the credit will cost you. | $ 11282.85 |
| Amount Financed | The amount of credit provided to you or on your behalf. | $ 15768.99 |
| Total of Payments | The amount you will have paid after you have made all payments as scheduled. | $ 27051.84 |
| Total Sales Price | The total cost of your purchase on credit, including your down payment of $ 1500.00 | $ 28551.84 |

Your Payment Schedule will be:

| Number of payments | Amount of payments | When payments are due |
|---|---|---|
| 71 | 375.72 | MONTHLY STARTING: 07/22/2014 |
| 1 | 375.72 | DUE ON: 06/22/2020 |
| N/A | N/A | N/A |

INSURANCE AND DEBT CANCELLATION: [illegible]

| | Premium | Term | Signature |
|---|---|---|---|
| Credit Life | $ N/A | N/A | X |
| Joint credit life | $ N/A | N/A | X |
| Credit disability | $ N/A | N/A | X |
| Credit life and disability | $ N/A | N/A | X |
| Joint credit life and disability | $ N/A | N/A | X |
| Debt cancellation (GAP coverage) | $ N/A | N/A | X |

You may obtain property insurance from anyone you want [illegible]. If you get the insurance from the Creditor you will pay $ N/A and the term of the insurance will be N/A.

SECURITY: You are giving a security interest in the goods or property being purchased.

☐ If checked, you are giving a security interest in [illegible]

LATE CHARGE: [illegible]

PREPAYMENT: [illegible]

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and penalties.

**SECTION C: ITEMIZATION OF AMOUNT FINANCED.**

| | |
|---|---|
| 1. Vehicle Selling Price | $ 13976.76 |
| Plus Documentary Fee | $ 345.00 |
| Plus [illegible] Fee | $ 41.50 |
| Plus Other (N/A) | $ N/A |
| Plus Other (N/A) | $ N/A |
| Plus Other (N/A) | $ N/A |
| Total Taxable Selling Price | $ 14362.25 |
| 2. Total Sales Tax | $ 1109.88 |
| 3. Amounts Paid to Public Officials | |
| a. Titling Fee | $ 28.25 |
| b. Registration Fee | $ N/A |
| c. Other N/A | $ N/A |
| Total Official Fees (Add 3a through 3c) | $ 28.25 |
| 4. Optional [illegible] fees or charges a.–f. | $ N/A |
| Total Optional [illegible] fees or charges (Add 4a through 4f) | $ N/A |
| 5. TOTAL CASH SALES PRICE | $ 15499.88 |
| 6. Gross Trade In Allowance | $ N/A |
| Less Prior Credit or Lease Balance | $ N/A |
| Net Trade In Allowance (if negative, enter 0 and see line 11a) | $ 0.00 |
| 7. Down Payment (Other Than Net Trade-In Allowance) | |
| a. Trade-In Sales Tax Credit | $ N/A |
| b. Cash | $ 1500.00 |
| c. Manufacturer's Rebate | $ N/A |
| d. Deferred Down Payment | $ N/A |
| e. Other ( ) | $ N/A |
| Down Payment (Add 7a through 7e) | $ 1500.00 |
| 8. TOTAL DOWN PAYMENT AND NET TRADE-IN ALLOWANCE (Add 6 and 7) | $ 1500.00 |
| 9. UNPAID BALANCE OF CASH SALES PRICE (Subtract 8 from 5) | $ 13999.99 |
| 10. Plus Optional Insurance and Debt Cancellation Charges* | |
| a. Credit Life Insurance Premium Paid to (N/A) Term (N/A) | $ N/A |
| b. Credit Disability Insurance Premium Paid to (N/A) Term (N/A) | $ N/A |
| c. Debt Cancellation Coverage (GAP Coverage) Paid to (N/A) Term (N/A) | $ N/A |
| d. Other Insurance Paid to (N/A) Term (N/A) | $ N/A |
| Total Optional Insurance and Debt Cancellation Charges (Add 10a through 10d) | $ N/A |
| 11. Other Amounts Financed* | |
| a. Prior Credit or Lease Balance Paid to (N/A) | $ N/A |
| b. N/A Paid to (N/A) | $ N/A |
| c. SVC CONTRACT Paid to (FESL) | $ 1769.00 |
| Total Other Amounts Financed (Add 11a through 11c) | $ 1769.00 |
| 12. TOTAL AMOUNT FINANCED (Add 9, 10 and 11) | $ 15768.99 |

*Seller may retain or receive a portion of this amount.

**SECTION D: VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT.**

This contract is made the 7TH day of JUNE (month) 2014 (year), between you, the Buyer(s) shown on page 1 of 2, and us, the Seller shown as Creditor on page 1 of 2. [illegible] Section B on page 1 of 2, you agree to buy and we agree to sell, subject to all the terms of this contract, the following described vehicle, accessories and equipment (all of which are referred to in this contract as "Collateral"):

New or Used: USED Year and Make: 2012 TOYOTA

Series: COROLL Body Style: C No. Cyls: 4

If truck, ton capacity:

Manufacturer's Serial Number: 5YFBU4EE7CP060929

Use for which purchased: ☒ Personal ☐ Business ☐ Agricultural

Equipment: ☐ Sun/Moon Roof ☐ Power Steering ☐ Power Windows ☐ Cassette ☐ Compact Disc Player ☐ Air-Conditioning ☐ Power Door Locks ☐ Tilt Wheel ☐ Cruise Control ☐ Automatic Transmission ☐ Power Seats ☐ Vinyl Top ☐ Alarm/Anti-theft

[illegible] Color: Trim: Lic. No.:

You, severally and jointly, promise to pay us the Total of Payments (shown in Section B) according to the Payment Schedule (also shown in Section B), until paid in full, together with interest after maturity at the Annual Percentage Rate disclosed on page 1 of 2.

To secure such payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral and in all accessions to and proceeds of the Collateral. Insurance in which we or our assignee are named as beneficiary or loss payee, including any proceeds of such insurance or refunds of unearned premiums, or both, are assigned as additional security for this obligation and any other obligation created in connection with this sale. We, our successors and assigns, hereby waive any other security interest or mortgage which would otherwise secure your obligations under this contract except for the security interests and assignments granted by you in this contract.

Address where Collateral will be located:

Street: City:

County: State:

Your address after receipt of possession of Collateral:

Street: City:

County: State:

**Notice of Rescission Rights (Option to Cancel)**

If the Buyer signs here, the notice of rescission rights on page 2 of 2 is applicable to this contract.

Buyer's signature X [signature]

Co-Buyer's signature X [signature]

STATE DISCLOSURE REQUIREMENTS: The provisions of Section B and Section D are incorporated into this agreement for purposes of state disclosure requirements.

Additional Terms and Conditions: The additional terms and conditions set forth in this contract are a part of this contract and are incorporated herein by reference.

OPTION: ____ You pay no Finance Charge if the Total Amount Financed, item No. 12, Section C, is paid in full on or before the ______ (day) of ______ (month) of ______ (year).

SELLER'S INITIALS: ______

**SECTION E:**

☐ If checked, you agree to use electronic records and electronic signatures to document this contract. Your electronic signatures on electronic records will have the same effect as signatures on paper documents. We may designate one authoritative copy of this contract. If we do, the authoritative copy will be the electronic copy in a document management system we designate for storing authoritative copies. We may convert the authoritative copy to a paper original. We will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper.

If you agree to use electronic records and electronic signatures, we will comply with all applicable federal, state and local law and regulations.

UPON ENTERING INTO THIS CONTRACT, YOU WILL RECEIVE A PAPER COPY OF THE ORIGINAL CONTRACT ELECTRONICALLY SIGNED AND COMPLETE WITH ALL TERMS, CONDITIONS AND DISCLOSURES TO TAKE WITH YOU.

**NOTICE TO BUYER**

Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completed copy of this agreement. If you pay the amount due before the scheduled date of maturity of the indebtedness and you are not in default in the terms of the contract for more than 2 months, you are entitled to a refund of the unearned portion of the finance charge. If you fail to perform your obligations under this agreement, the vehicle may be repossessed and you may be liable for the unpaid indebtedness evidenced by this agreement.

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on page 1 of 2, federal regulation may require a special buyer's guide to be displayed on the window.

THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

The text of the preceding two paragraphs is set forth below in Spanish:

Si usted está comprando un vehículo usado mediante este contrato según la descripción del vehículo en la página 1 de 2, la ley federal podrá exigir que la ventanilla despliegue una guía especial para el comprador.

LA INFORMACIÓN QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHÍCULO ES PARTE DE ESTE CONTRATO. LA INFORMACIÓN EN LA FORMA DE VENTANILLA DEROGA CUALQUIER ESTIPULACIÓN CONTRARIA EN EL CONTRATO DE VENTA.

BUYER AND CO-BUYER ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED-IN PAPER COPY OF THIS CONTRACT AND THE DISCLOSURE ON PAGE 1 OF 2 AT THE TIME OF SIGNING.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS OTHERWISE INDICATED IN SECTION C.

Buyer X [signature] Date 06/07/14 Co-Buyer X [signature] Date 06/07/14

Creditor: ______ Date 06/07/14 By: X [signature]

LAW FORM NO. [illegible]

ORIGINAL LIENHOLDER

**EXHIBIT "A"**

## ADDITIONAL TERMS AND CONDITIONS

Simple Interest Contract: This is a Simple Interest contract. The Finance Charge, Total of Payments and Payment Schedule set forth in the disclosures on page 1 of 2 may differ. [illegible]

Default: If you default in the performance of this Agreement, because (1) you fail to make a payment later than 30 days after the due date [illegible]

Delinquency and Collection Charges: [illegible]

Demand for Full Payment and Additional Remedies on Default: [illegible]

Ownership of the Collateral: You represent that there are no liens, claims or encumbrances on the Collateral except for the security interest you grant by this contract [illegible]

Location and Use of Collateral: You agree to notify us in writing of any change of your address [illegible]

Inspection of the Collateral: We may inspect the Collateral at any reasonable time.

Taxes: You are responsible for and will pay when due all taxes and assessments levied on the Collateral. [illegible]

Property Insurance: You will keep the Collateral insured against such risks and in such amount as we may from time to time require [illegible]

LIABILITY INSURANCE IS NOT REQUIRED BY THIS CONTRACT. YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM LIABILITY INSURANCE IS TO BE OBTAINED.

Information to Insurance Company or Agent: You give your permission to furnish any information about the Collateral or any information about insurance policies on the Collateral to an insurance agent or company.

Credit Life Insurance, Credit Disability Insurance and Debt Cancellation Coverage (GAP Coverage): If you indicated in Section B that you want optional credit life insurance, credit disability insurance or debt cancellation coverage (GAP coverage), [illegible] shown in Section B.

NO WARRANTIES: THE SELLER MAKES NO REPRESENTATIONS, PROMISES OR WARRANTIES, EXPRESS OR IMPLIED, AS TO THE MERCHANTABILITY OF THE COLLATERAL, OR WHETHER THE COLLATERAL IS SUITABLE OR FIT FOR THE PARTICULAR PURPOSE INTENDED UNLESS THE SELLER HAS DONE SO IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY THE SELLER AS THE ORIGINAL SELLER OF THE COLLATERAL. HOWEVER, IF THE SELLER MAKES AN EXPRESS WARRANTY IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY THE SELLER OR, WITHIN 90 DAYS AFTER THE DATE OF THIS CONTRACT, THE SELLER ENTERS INTO A SERVICE CONTRACT WITH THE BUYER THAT APPLIES TO THE COLLATERAL, THE EXCLUSION OF IMPLIED WARRANTIES SET FORTH IN THIS PARAGRAPH DOES NOT EXCLUDE ANY IMPLIED WARRANTIES THAT MAY EXIST WITH RESPECT TO THE COLLATERAL DURING THE TERM OF THE CONTRACT OR AGREEMENT IN WHICH THE EXPRESS WARRANTY IS MADE.

Notices: Any notice we have to give you pursuant to the Uniform Commercial Code will be reasonable if we send it to your address [illegible] of a change in your address and, in that event, the notice will be reasonable if we send it to the changed address.

Time is of the Essence: You understand that all payments that are required must be made on the day due.

Exercising Our Rights: We can, without notice, delay enforcing our rights or exercise only part of them, without losing them, [illegible]

Meaning of Words: In this contract the words "you" and "your" means each and all of those who sign this contract as Buyers or Co-Buyers, and their heirs, executors, administrators, successors and assigns. The words "we," "us" and "our" means the Creditor shown on page 1 of 2 in Section A, and if this contract is assigned, its successors and assigns and any other holder of this contract.

Governing Law: This contract has been delivered in the State of Creditor's place of business and will be governed by the laws of that State and applicable federal law.

Severability: Wherever possible each provision of this contract shall be interpreted so that it is valid under applicable law, but if any provision is prohibited or invalid, the remaining provisions of this contract will continue to be valid.

Notice of Rescission Rights (Option to Cancel): [illegible]

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on page 1 of 2, federal regulation may require a special buyer's guide to be displayed on the window.

THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

Assignment: Seller may transfer this contract to another person ("Assignee"). That person will have all of Seller's rights, privileges and remedies. The Seller may assign this contract [illegible] Assignee about this contract is: JPMorgan Chase Bank NA

Seller: Lithia Hyundai of Reno

By: ______

Title: General Manager

To induce Assignee to purchase the contract, Seller represents and warrants to Assignee as follows: [illegible]

In the event any warranty shall be breached or any representation shall be false, [illegible]

Seller: ______ By: ______

Title: ______ Date: ______

[illegible]

Seller: ______ By: ______

Title: ______ Date: ______

[illegible]

Seller: ______ By: ______

Title: ______

[illegible]

Seller: Lithia Hyundai of Reno

Title: General Manager

STATE OF NEVADA

DEPARTMENT OF MOTOR VEHICLES

# CERTIFICATE OF TITLE

| VIN | YEAR | MAKE | MODEL | VEHICLE BODY | TITLE NUMBER |
|---|---|---|---|---|---|
| 5YFBU4EE7CP050929 | 2012 | TOYT | COROLLA/S/ | P4D | |

| DATE ISSUED | ODOMETER MILES | FUEL TYPE | SALES TAX PD | EMPTY WT | GROSS WT | GVWR |
|---|---|---|---|---|---|---|
| 07/29/2014 | 41495 | G | | | | |

VEHICLE COLOR

ODOMETER BRAND
ACTUAL MILES

BRANDS

OWNER(S) NAME AND ADDRESS
BRANSON RHONALYNN ESPINA OR
BRANSON ROBERT ELLIS
1416 HEATHER CT
SPARKS NV 89434-2614

EXHIBIT "B"

LIENHOLDER NAME AND ADDRESS
JPMORGAN CHASE BANK NA
PO BOX 901098
FORT WORTH TX 76101-2098

LIENHOLDER RELEASE - INTEREST IN THE VEHICLE DESCRIBED ON THIS TITLE IS HEREBY RELEASED:

SIGNATURE OF AUTHORIZED AGENT ______ DATE ______

PRINTED NAME OF AGENT AND COMPANY ______

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.
The undersigned hereby certifies the vehicle described in this title has been transferred to the following buyer(s):

Printed Full Legal Name of Buyer ______ Nevada Driver's License Number or Identification Number ______ ☐ AND ☐ OR

Printed Full Legal Name of Buyer ______ Nevada Driver's License Number or Identification Number ______

Address ______ City ______ State ______ Zip Code ______

I certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

ODOMETER READING ______ NO TENTHS

☐ The mileage stated is in excess of its mechanical limits.
☐ The odometer reading is not the actual mileage. WARNING: ODOMETER DISCREPANCY.
☐ Exempt - Model year over 9 years old.

Signature of Seller(s)/Agent/Dealership ______ Printed Name of Seller(s)/Agent/Dealership ______

I am aware of the above odometer certification made by the seller/agent. ☐ Dealer's License Number ______ Date of Sale ______

Signature of Buyer ______ Printed Full Legal Name of Buyer ______

ACCORDING TO THE RECORDS OF THE DEPARTMENT OF MOTOR VEHICLES, THE PERSON NAMED HEREON IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE, SUBJECT TO LIEN AS SHOWN.

CONTROL NO: 20415,74C
(THIS IS NOT A TITLE NO.)

VP-2 (Rev. 8/10)

STATE OF NEVADA

ALTERATION OR ERASURE VOIDS THIS TITLE